IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID WAYNE PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No: 1:16-cv-01112 |
| | ) | |
| DENNIS IFANTIS, in his Official and Individual Capacity as a Deputy Sheriff of Madison County, Tennessee; PAUL CAPPS, in his Official and Individual Capacity as a Deputy Sheriff of Madison County, Tennessee; DEPUTY KLUTS, in his Official and Individual Capacity as a Deputy Sheriff of Madison County, Tennessee; MICHAEL BULLOCK, in his Official and Individual Capacity as a Deputy Sheriff of Madison County, Tennessee; and John Does 1-10, in their Official and Individual Capacities as Deputy Sheriffs of Madison County, Tennessee, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER GRANTING PARTIAL MOTION TO DISMISS

On June 23, 2016, Defendants, Dennis Ifantis, Paul Capps, Jason Klutts, and Michael Bullock, filed a partial motion to dismiss the complaint, asserting that all claims against John Does 1-10 should be dismissed.[1] (Docket Entry ("D.E.") 11-1 at PageID 50.) According to Defendants, the statute of limitations for claims against the unnamed defendants had expired. (*Id.*) They argued that "substituting a named defendant for a John or Jane Doe is considered a change in parties, not merely a substitution." (*Id.*) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). They further averred that, if filed after the expiration of the applicable statute of

---

[1] The claims against the John Doe defendants were made pursuant to 42 U.S.C. § 1983.

limitations, a change in parties does not relate back to the date that the original complaint was filed.  (*Id.*) (citing Fed. R. Civ. P. 15(c)).  Consequently, Defendants contended that any attempt to name the John Does would be futile and that the claims against them should be dismissed.  (*Id.* at PageID 51.)

Rather than file a response to the motion, Plaintiff, David Wayne Phillips, submitted an amended complaint which identified by name four of the John Does.  (D.E. 16.)  Defendants thereafter moved to strike the amended complaint, arguing that the time had passed for filing an amended complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1).  (D.E. 18-1 at PageID 91.)  Additionally, Defendants asserted that Plaintiff had not obtained the "opposing party's written permission or the court's leave" prior to filing the amended complaint as required by Rule 15(a)(2), given that the time for amending as of right had passed.  (*Id.* at PageID 91-92.)  Defendants averred, as they had in their motion to dismiss, that even if Phillips had properly requested leave to file an amended complaint, "the proposed amendments would have been futile."  (*Id.* at PageID 92.)  They again asserted that the statute of limitations for Plaintiff's claims had expired and that the amended complaint, which added new parties, could not survive a motion to dismiss.  (*Id.* at PageID 93.)

In his response to the motion to strike, Phillips acknowledged that the amended complaint was improperly filed "due to a miscalculation in the counting of the days allowed to file."  (D.E. 22-1 at PageID 108.)  However, Plaintiff asserted that an attempt to amend the complaint would not be futile and should be granted "in the interest of justice," in accordance with Federal Rule of Civil Procedure 15(a)(2).  (*Id.*)  That matter was referred to United States Magistrate Judge Edward G. Bryant for determination.  (D.E. 19.)

Subsequently, Plaintiff moved for leave to amend the complaint, again admitting that the

previously docketed amended complaint was improperly filed but asking the Court to grant his motion in the interest of justice. (D.E. 22-1 at PageID 108.) Phillips averred that the amended complaint was filed only one day past the deadline "and would not prejudice or unduly burden the present defendants or the proposed additional defendants." (*Id.*)

In opposing the motion, Defendants relied upon the same arguments contained in their previous motion to dismiss. (D.E. 24.) They again insisted that the statute of limitations applicable to the claims against the defendants added in the amended complaint had expired, that any amendment would be futile, and that the motion should therefore be denied. (*Id.* at PageID 134-38.) The motion to amend was also referred to the magistrate judge for determination. (D.E. 23.)

Magistrate Judge Bryant ultimately entered an order granting the motion to strike and denying the motion to amend. (D.E. 28.) The magistrate judge noted that both parties agreed that the amended complaint was not timely in accordance with Rule 15(a)(1)(B), and thus, it should be stricken. (*Id.* at PageID 174-75.) The court also denied Phillips's motion to amend pursuant to Rule 15(a)(2). (*Id.* at PageID 177.) Judge Bryant agreed with Defendants that the effort to amend was futile because it could not withstand a Rule 12(b)(6) motion to dismiss. (*Id.* at PageID 176.) He noted that an amendment to a complaint that adds a new party must come within the statute of limitations period or relate back to the complaint's original filing date. (*Id.*) However, he pointed out that "[t]he Sixth Circuit has clarified that 'an amendment which adds a new party creates a new cause of action and there is *no relation back* to the original filing for the purposes of limitations.'" (*Id.*) (quoting *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010)). Because the events giving rise to the complaint occurred on May 22, 2015, the August 15, 2016 motion to amend naming four of the John Does was filed long after the one-

year statute of limitations expired. (*Id.* at PageID 177; *see also id.* at n.1 (explaining that the limitations' period for 42 U.S.C. § 1983 actions is one year).) Therefore, the magistrate judge concluded that the proposed amendment would be futile. (*Id.* at PageID 178.) No objections were filed to his order.

Returning to the matter presently before the Court—Defendants' motion to dismiss John Does 1-10—the above procedural history leads to the conclusion that it should be granted. Plaintiff missed the deadline for amending the complaint as of right, and the statute of limitations for the claims against the unnamed defendants has run. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitations against those parties. *See Cox*, 75 F.3d at 240 (upholding district court's grant of motion to dismiss four police officers named in an amended complaint after the statute of limitations had expired). Consequently, Defendants' partial motion to dismiss is GRANTED, and all claims against John Does 1-10 are DISMISSED with prejudice.

IT IS SO ORDERED this 21st day of March 2017.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE